IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GREGORIO ROMERO
Petitioner

*v.*

ERIC HOLDER,
U.S. Attorney General

JEH JOHNSON                                                Civil No.  5:14-cv-148
Secretary of Homeland Security

MICHAEL J. PITTS,
Field Office Director for Detention &
Removal

Respondents

PETITION FOR WRIT OF AUDITA QUERELA

Pursuant to the All Writs Act, 28 U.S.C. §1651

San Juanita R. Campos, Esquire, on behalf of Gregorio Romero, Petitioner, hereby files this Petition for Writ of Audita Querela to remedy his removal from the United States and enjoin his continued unlawful deportation by Respondents.

In support of this petition and complaint for injunctive and declaratory relief, Petitioner alleges as follows:

I.

JURISDICTION

U.S. District Courts have subject matter jurisdiction to issue a Writs of Audita Querela in aid of jurisdiction under the All Writs Act, 28 U.S.C. §1651. See: *United States v. Stoneman*, 870 F2d 102, 150 (3d Cir. 1989) citing *United States v. Morgan*, 346 U.S. 502, 74S. Ct. 247, 98 L. Ed. 248 (1954)

SUBJECT MATTER JURISDICTION

U.S. District Courts have subject matter jurisdiction to issue a Writs of Audita Querela in aid of its jurisdiction under All Writs Act, 28 U.S.C. §1651. *See United States v. Stoneman*, 870 F2d 102, 105 (3d Cir. 1989)

II

AVAILABILITY OF WRIT OF AUDITA QUERELA

Audita Querela is an old common-law writ which permits a defendant to obtain '"relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" *United States v. Johnson*, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)).

A Writ of Audita Querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition. The Writ of Audita Querela is directed against the enforcement, or further enforcement, of a judgment which when rendered was just and impeachable. *United States v. Miller*, 599 F3d 484 (5th Cir. 2010) Petitioner alleges that his prior conviction for aggravated sexual assault, under existing law at the time it was rendered was correct, (i.e. failure to advise Petitioner regarding the immigration consequences of his

plea) but is rendered infirm by the Supreme Court's decision in *Padilla v. Kentucky* 130 S. Ct. 1473 (2010). Padilla which held that failure to advise a client regarding the immigration consequences of his plea, when the consequences are clear and succinct, constitutes ineffective assistance of counsel.

III

STATEMENT OF FACTS

Petitioner was born on March 30, 1973, in Mexico and was admitted to United States as a Legal Permanent Resident when he was a young child. Upon his entry into the United States, Petitioner lived with his parents and six siblings in Kendall County, Texas. He attended school at Boerne ISD graduating from Boerne High School. He was married to a U.S. citizen and together they had two U.S. citizen children. At the time of his initial arrest, he was married and working full time supporting his family. The entire family has lived an exemplary life attending school and working hard to get ahead with no criminal history.

In 1996, Petitioner was indicted is Case 6:99-cr-00016 on aggravated sexual assault charges. Petitioner hired Attorney Kurt Rudkin to represent him against the charges alleged in the indictment. Almost two (2) years later, on June 09, 1998, on the advised of his trial counsel, Petitioner pled nolo contendere to the charge of aggravated sexual assault. Counsel recommended the plea agreement to Petitioner despite substantial evidence that he was innocent of the allegations and without advising him of the immigration consequences of his plea. Petitioner's trial counsel represented Petitioner at the same time that he represented and did legal work for the alleged victim's mother. Petitioner was sentences to ten (10) years deferred adjudication probation and a $500.00 fine.

In 2000, Petitioner was detained by Immigration Customs Enforcement (ICE) and placed in deportation proceedings. The Notice to Appear served on Petitioner by the Department of Homeland Security alleged that Petitioner's conviction for aggravated sexual assault was an offense that not only made him deportable but also constituted an "aggravated felony" under 8 U.S.C 1227,

Immigration and Nationality Act, Sections 237(a)(2)(A)(i) and 237(a)(2)(A)(iii). There was no waiver from deportation available to Petitioner for this conviction. Petitioner in this case was not aware of that fact until he was in removal proceedings. Said offense is specifically the type of serious offense which is clearly stated in *Padilla v. Kentucky*, 559 U. S. \_\_\_\_\_, 130 S. Ct. 1473, 1479-80; 176 L.Ed.2d 284 (2010) to be one that requires an attorney to give competent advise to his client regarding the serious, harsh and permanent immigration consequence of a plea.

IV
PRIOR COURT PROCEEEDINGS

On January 22, 2001, Petitioner was ordered removed from the United States on the basis of his 1998 conviction for aggravated sexual assault. Petitioner filed a Writ of Habeas Corpus alleging that his plea counsel rendered ineffective assistance under *Strickland v. Washington,* 466 U.S. 668 (1984) and *Padilla v. Kentucky* 130 S. Ct. 1473 (2010). Petitioner complained that his plea counsel failed to inquire as his immigration status, failed to inform him that his nolo contendere plea was an aggravated felony and would definitely result in the imminent loss of his Lawful Permanent Resident Status. Petitioner further alleged that his prior counsel failed to advise him that his plea not only would make him deportable but that there would be no relief from deportation and that he would be permanently inadmissible from re-entry into the U.S..

Petitioner alleged that his nolo contendere plea was not a knowing and voluntary plea and was in direct violation of his constitutional rights to due process and in violation of Petitioner's right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Section 10 of the Texas Constitution.

The Kendall County District Court denied Petitioner's Writ of Habeas Corpus on November 8, 2010. Petitioner timely filed his appeal to the 4th Court of Appeals, San Antonio. On August 3, 2011, the 4th Court of Appeals, San Antonio, reversed the District Court ruling granted Petitioner's

Writ of Habeas Corpus and vacated his 1998 conviction. The 4th Court of Appeals found that trial counsel Kurt Rudkin had provided ineffective assistance of counsel by not advising Petitioner of the adverse immigration consequences of his nolo contendere plea to aggravated sexual assault. The State filed a Petition for Discretionary Rule with the Texas Court of Criminal Appeals on October 2, 2011. On March 20, 2013, the Texas Court of Criminal Appeals granted the State's Petition for Discretionary Review, vacated the judgment of the 4th Court of Appeals and remanded the case. The Texas Court of Criminal Appeals ruling was based on its holding in *Ex Parte of De Los Reyes,* No. PD-1457-11__S.W.3d__ (Texas Crim. App. March 20, 2013*)* in which it adopted the United States Supreme Court ruling in *Chaidez v. United States,* 133 S. Ct. 1103 (2013) which held that Padilla does not have retroactive effect. *Ex Parte Gregorio Romero,* No. PD-1262-11

The Fifth Circuit has held that a Writ of Audita Querela is not available where the defendant may seek redress under Sec. 2255. *United States v. Ayala,* 894 F.2d 425, 427 (D.C. Cir.1990) Petitioner may not seek relief under Section 2255 because the failure of his trial attorney to advise him of the collateral consequences of his plea is not retroactive as found by the Texas Court of Criminal Appeals in vacating his Writ of Habeas Corpus.

V.

LEGAL BASIS FOR RELIEF PURSUANT TO A WRIT OF AUDTIA QUERELA

The Fifth Circuit in *Santos-Sanchez v. United States*, 548 F3d 327 (5th Cir. 2008), held that deportation is a collateral consequence of a guilty plea and 'that an attorney's failure to advise a client that deportation is a possible consequence of a guilty plea does not constitute ineffective assistance of counsel." *Santos-Sanchez*, supra., 548 F3d at 334. However, on March 31, 2010, the U. S. Supreme Court in *Padilla v. Kentucky*, 559 U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), overruled Santos-Sanchez, supra., and similar cases from other circuits. The holding in *Padilla* is that

counsel engages in ineffective assistance of counsel if he fails to advise the defendant that his guilty plea makes him subject to automatic deportation. The *Padilla* Court concluded:

"[C]ounsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less"., 130 S. Ct. at 1486. *Padilla, supra*

This change in law supports Petitioner's position that there was a legal defect in the prior criminal proceeding which resulted in his deportation which only now has come to light and satisfies the Fifth Circuits requirement that the Writ of Audita Querela be based a legal defect which arose after the judgment and which now makes its enforcement unjust and overly harsh punishment for the nature of the crime committed.

Petitioner expects to call several witnesses in support of this Petition which will all testify to the fact that he is a good man, a good father, son, brother and hard reliable worker.

VI
THE RELIEF SOUGHT

Petitioner requests this Court to issue a judgement for issuance of a Writ of Audita Querela. There is both a legal basis, ineffective assistance of counsel in violation of the Sixth Amendment, and an equitable basis. Petitioner came into the United States as a young man and spent most of his life here. He has all his family living in the United States; he is a good man who made a mistake which resulted in his permanent exile from the United States and his family. Petitioner asks this Court to issue a Writ of Audita Querela to enjoin the collateral immigration consequences of the aggravated sexual assault conviction. The writ should enjoin DHS from using Petitioner's guilty plea and the Court's finding of guilt as a basis to conclude that Petitioner is deportable.

VII

Wherefore, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter:

2. Issue a writ of Audita Querela directing Respondents to find that Petitioner is not deportable and to void his 2001 deportation order.

3. Grant any other and further relief that this Court deems just and proper;

Respectfully submitted this 18th day of February, 2014.

/s/San Juanita R. Campos
San Juanita R. Campos
Attorney in Charge
Attorney for Plaintiffs
State Bar #03733090
Federal Bar #10044
Law Office of San Juanita R. Campos
600 N. Milanos Rd.
Weslaco, Texas 78596
Ph 956.973.1500
Fax 956.973.9401

## VERIFICATION

I, San Juanita R. Campos, certify under penalty of perjury that I am familiar with the history of the above case, and that the foregoing is true and correct to the best of my knowledge and belief.

                                                                                   /s San Juanita R. Campos  
                                                                                   San Juanita R. Campos  
                                                                                    Attorney in Charge  
                                                                                    Attorney for Plaintiffs  
                                                                                    State Bar #03733090  
                                                                                   Federal Bar #10044  
                                                                                  Law Office of San Juanita R. Campos  
                                                                                  600 N. Milanos Rd.  
                                                                                  Weslaco, Texas 78596  
                                                                                  Ph 956.973.1500  
                                                                                  Fax 956.973.9401

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing was served on the following:

Department of Justice
Office of the United States Attorney General
Eric H. Holder, Jr., Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Department of Homeland Security
Secretary Jeh Johnson
U.S Department of Homeland Security
Washington, DC  20528

Department of Homeland Security
**San Antonio Field Office**
**Area of Responsibility:** Central South Texas
1777 NE Loop 410, Suite 1500
San Antonio, TX 78217
**Phone:**(210) 967-7012

                                                               <u>/s San Juanita R. Campos</u>
                                                               San Juanita R. Campos
                                                                Attorney in Charge
                                                                Attorney for Plaintiffs
                                                                State Bar #03733090
                                                                Federal Bar #10044
                                                                Law Office of San Juanita R. Campos
                                                                600 N. Milanos Rd.
                                                                Weslaco, Texas 78596
                                                                Ph 956.973.1500
                                                                Fax 956.973.9401